DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     JEAN-DAVID BARNEA
        LUCAS ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2679/2737
Facsimile: (212) 637-2702
E-mail:  jean-david.barnea@usdoj.gov
         lucas.issacharoff@usdoj.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

AMERICAN CIVIL LIBERTIES UNION;
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                          Plaintiffs,

      v.

U.S. CUSTOMS AND BORDER PROTECTION;
U.S. DRUG ENFORCEMENT
ADMINISTRATION; U.S. DEPARTMENT OF
HOMELAND SECURITY; U.S. DEPARTMENT
OF JUSTICE; FEDERAL AVIATION
ADMINISTRATION; FEDERAL BUREAU OF
INVESTIGATION; FEDERAL PROTECTIVE
SERVICE; UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT; UNITED
STATES MARSHALS SERVICE; and UNITED
STATES SECRET SERVICE,

                         Defendants.

------------------------------------------------------------ X

21 Civ. 10430 (ER)

**ANSWER**

       Defendants United States Customs and Border Protection ("CBP"), United States Drug Enforcement Administration ("DEA"), United States Department of Homeland Security ("DHS"), United States Department of Justice ("DOJ"), Federal Aviation Administration ("FAA"), Federal Bureau of Investigation ("FBI"), Federal Protective Service ("FPS"), Immigration and Customs

Enforcement ("ICE"), United States Marshals Service ("USMS"), and United States Secret Service ("USSS"; together, "Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, answer the amended complaint of plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, "ACLU" or "Plaintiffs"), dated February 24, 2022, as follows:

1. Paragraph 1 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2. Paragraph 2 consists of Plaintiffs' characterization of the events surrounding the murder of George Floyd, and the public protests that followed, to which no response is required.

3. Defendants deny as argumentative the broad characterization of law enforcement's response to protests as involving "excessive force and significant violence."

4. Defendants admit that some of the Defendants conducted aerial surveillance of some protests and deny as argumentative the remaining allegations of paragraph 4.

5. Admit.

6. Admit.

7. Paragraph 7 consists of argument, to which no response is required.

8. Deny and aver that, as of the date of the complaint, Plaintiffs had also received a production from FAA.

9. Paragraph 9 consists of Plaintiffs' characterization of the relief sought, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any other relief.

## JURISDICTION AND VENUE[1]

10. The allegations contained in paragraph 10 consist of Plaintiffs' legal opinions and conclusions regarding jurisdiction, to which no response is required.

11. The allegations contained in paragraph 11 consist of Plaintiffs' legal opinions and conclusions regarding venue, to which no response is required.

## PARTIES

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.

14. Admit that CBP is a component of DHS and is subject to the requirements of FOIA.

15. Admit that DEA is a component of DHS and is subject to the requirements of FOIA.

16. Admit.

17. Admit.

18. Admit that FAA is a component of the United States Department of Transportation and is subject to the requirements of FOIA.

19. Admit that FBI is a component of DOJ and is subject to the requirements of FOIA.

20. Admit that FPS is a component of DHS and is subject to the requirements of FOIA.

21. Admit that ICE is a component of DHS and is subject to the requirements of FOIA.

22. Admit that USMS is a component of DOJ and is subject to the requirements of FOIA.

---

[1] Plaintiffs' headings are reproduced for the Court's convenience and do not constitute admissions of the content of any such headers.

23. Admit that USSS is a component of DHS and is subject to the requirements of FOIA.

## FACTUAL BACKGROUND

### Surveillance of Nationwide Protests

24. Defendants admit that there were widespread protests following the murder of George Floyd, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the specific allegations in paragraph 24.

25. Defendants admit that there were widespread protests following the murder of George Floyd, but deny as argumentative Plaintiffs' characterizations of the nature of the protests.

26. Paragraph 26 consists of vague and generalized characterization of law enforcement's response, as well as argument, to which no response is required.

27. The allegations in paragraph 27 relate to the National Guard and the Department of Defense, which are not the subject of the FOIA requests at issue in this lawsuit or named as Defendants. Defendants thus lack knowledge or information sufficient to form a belief as to the truth or falsity of the specific allegations in paragraph 27.

28. Defendants admit that the cited article indicates that DHS had logged at least 270 hours of footage across 15 cities by June 19, 2020, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 due to their lack of specificity.

29. Paragraph 29 consists of Plaintiffs' characterizations of the cited letters and articles, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

30. Admit that the quoted language appears in the cited Inspector General report but respectfully refer the Court to the full report for a complete and accurate statement of its contents, including the full context of the quoted language, which is missing from Paragraph 30, and reiterate that the Air Force, as part of the Department of Defense, is not a subject of the FOIA Requests at issue.

31. Admit that aerial surveillance is capable of collecting a variety of data but deny as vague and argumentative the remaining allegations of paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the specific allegations in paragraph 32.

33. Paragraph 33 consists of Plaintiffs' legal conclusions and argument, to which no response is required.

34. Paragraph 34 consists of Plaintiffs' legal conclusions and argument, to which no response is required.

**Requested Records**

35. Admit.

36. Paragraph 36 consists of Plaintiffs' characterization of a FOIA request at issue in this lawsuit. Defendants respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents.

37. Admit.

38. Paragraph 38 consists of Plaintiffs' characterization of a FOIA request at issue in this lawsuit. Defendants respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents.

39. Paragraph 39 consists of Plaintiffs' characterization of the FOIA requests at issue in this lawsuit. Defendants respectfully refer the Court to the FOIA requests for a complete and accurate statement of their contents.

40. Paragraph 40 consists of Plaintiffs' characterization of the FOIA requests at issue in this lawsuit. Defendants respectfully refer the Court to the FOIA requests for a complete and accurate statement of their contents.

**Defendants' Responses to the Requests and Procedural Timeline**

**CBP**

41. Admit.

42. Admit.

43. Admit that on November 22, 2021, CBP notified ACLU that ACLU's request for a fee waiver was not applicable.

44. Admit that Plaintiffs have received no further communication from CBP. The remainder of paragraph 44 consists of a legal conclusion to which no response is required.

**DEA**

45. Admit.

46. Admit, but aver that the letter dated December 2, 2020, was sent on December 3, 2020.

47. Admit that DEA sent ACLU a letter on February 1, 2021, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

48. Admit that Plaintiffs had received no further communication from DEA as of the filing of the complaint, but aver that on February 1, 2022, DEA sent a letter advising Plaintiffs that

it was in the process of reviewing documents related to Plaintiffs' request. The remainder of paragraph 48 consists of a legal conclusion to which no response is required.

**DHS**

49. Admit that DHS acknowledged receipt of ACLU's FOIA request on August 17, 2020, and respectfully refer the Court to DHS's August 17, 2020, correspondence for a complete and accurate statement of its contents.

50. Admit that DHS referred the FOIA request to CBP, ICE, USSS, and FPS, and respectfully refer the Court to DHS's August 17, 2020, correspondence for a complete and accurate statement of its contents.

51. Admit that Plaintiffs received no further communication from DHS as of the filing of the complaint. The remainder of paragraph 51 consists of a legal conclusion to which no response is required.

**DOJ**

52. Admit.

53. Deny that Plaintiffs have received no further communication from DOJ and aver that Plaintiffs have received further communication from various DOJ components. The remainder of paragraph 53 consists of a legal conclusion to which no response is required.

**FAA**

54. Admit that FAA sent ACLU an email on August 4, 2020, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

55. Admit that FAA sent ACLU an email on August 11, 2020, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

56. Admit that ACLU sent FAA an email on August 19, 2020, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

57. Admit that FAA sent ACLU a letter on September 9, 2020, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

58. Admit that ACLU filed an appeal and respectfully refer the Court to that appeal for a complete and accurate statement of its contents.

59. Admit that FAA sent Plaintiffs an email on December 16, 2020, and respectfully refer the Court to that email for a complete and accurate statement of its contents.

60. Admit that FAA has not sent further communication to Plaintiffs. The remainder of paragraph 60 consists of a legal conclusion to which no response is required.

**FBI**

61. Admit.

62. Admit that FBI sent ACLU a letter dated September 8, 2020, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

63. Admit that DOJ's Office of Information Policy ("OIP") received from ACLU a letter dated December 7, 2020, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

64. Deny, but aver that OIP sent ACLU a letter dated January 27, 2021, acknowledging receipt of the appeal.

65. Admit that OIP sent ACLU a letter dated December 2, 2021, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

66. Admit that FBI sent ACLU a letter on December 10, 2021, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

67. Admit that FBI has sent ACLU no further communications as of the filing of the complaint. The remainder of paragraph 67 states a legal conclusion to which no response is required.

**FPS**

68. Admit that FPS sent ACLU a letter on September 9, 2020, and respectfully refer the Court to that correspondence for a complete and accurate statement of its contents.

69. Admit that FPS received ACLU's administrative appeal dated December 7, 2020, and respectfully refer the Court to ACLU's December 7, 2020, correspondence for a complete and accurate characterization of its contents.

70. Admit that FPS sent ACLU a letter on December 14, 2020, and respectfully refer the Court to that correspondence for a complete and accurate statement of its contents.

71. Admit that FPS received a letter dated July 13, 2021, from the Office of the Chief Administrative Law Judge regarding Plaintiff's administrative appeal and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

72. Admit that on January 10, 2022, the Office of the Chief Administrative Law Judge sent ACLU a letter informing it that "FPS does not own, operate, contract for, or otherwise use aviation assets for surveillance or operational purposes" and that "the Agency does not possess any records concerning aviation assets," and concluding that FPS had performed an adequate search.

73. Admit that Plaintiffs have received no further communication from FPS. The remainder of paragraph 73 consists of a legal conclusion to which no response is required.

**ICE**

74. Admit that DHS referred the FOIA request to CBP, ICE, USSS, and FPS, and respectfully refer the Court to DHS's August 17, 2020, correspondence for a complete and accurate statement of its contents.

75. Admit that Plaintiffs received no further communication from ICE as of the filing of the complaint. The remainder of paragraph 75 consists of a legal conclusion to which no response is required.

### USMS

76. Admit that USMS sent Plaintiffs an acknowledgment letter dated August 17, 2020.

77. Admit that USMS has not provided a final determination with respect to Plaintiffs' FOIA request and has sent no further correspondence to Plaintiffs regarding the request. The remainder of paragraph 77 consists of a legal conclusion to which no response is required.

### USSS

78. Admit that USSS sent Plaintiffs a letter on August 19, 2020, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

79. Admit that USSS sent Plaintiffs a letter on August 27, 2020, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

80. Admit that USSS sent Plaintiffs a letter on March 19, 2021, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

81. Admit.

82. Admit that USSS has not sent further correspondence to Plaintiffs regarding this request. The remainder of paragraph 82 consists of a legal conclusion to which no response is required.

## CAUSES OF ACTION

83. Deny.

84. Paragraph 84 consists of legal argument, to which no response is required. To the extent a response is required, Plaintiffs deny the assertions of paragraph 84.

85. Paragraph 85 consists of legal argument, to which no response is required. To the extent a response is required, Plaintiffs deny the assertions of paragraph 85.

86. Paragraph 86 consists of legal argument, to which no response is required. To the extent a response is required, Plaintiffs deny the assertions of paragraph 86.

87. Paragraph 87 consists of legal argument, to which no response is required. To the extent a response is required, Plaintiffs deny the assertions of paragraph 87.

88. Paragraph 88 consists of legal argument, to which no response is required. To the extent a response is required, Plaintiffs deny the assertions of paragraph 88.

## REQUESTED RELIEF

Paragraphs 1 through 7 of this section of the complaint consist of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## **DEFENSES**

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

The requested records are exempt, in full or in part, from disclosure. *See* 5 U.S.C. § 552(b).

**THIRD DEFENSE**

Defendants have exercised due diligence in processing the FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to complete their processing of the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**FOURTH DEFENSE**

Defendants reserve the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

\* \* \*

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
       March 4, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   */s/ Lucas Issacharoff*
      LUCAS ISSACHAROFF
      JEAN-DAVID BARNEA
      Assistant United States Attorneys
      86 Chambers Street, Third Floor
      New York, New York 10007
      Telephone: (212) 637-2737/2679
      Facsimile: (212) 637-2702
      E-mail: lucas.issacharoff@usdoj.gov
              jean-david.barnea@usdoj.gov